# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA HILL, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EDDIE BAUER, a Washington corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case Number**: CV06-5224 GW (RCx)<br><br>Assigned to Hon. George H. Wu<br><br>CLASS ACTION<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES AND CLASS REPRESENTATIVE ENHANCEMENT** |

On June 9, 2008 at 8:30 a.m. and July 10, 2008 at 8:30 a.m., the Court heard the following motions in the above-captioned matter (the "Lawsuit"): (1) the Motion for Final Approval of Class Action Settlement (Docket No. 62); (2) the Motion for Award of Attorneys' Fees, Litigation Expenses and Class Representative Enhancement (Docket No. 69); and (3) the Joint Response to Kristal D. Scherer's Objection (Docket No. 61). After reviewing the written submissions, and after hearing arguments of counsel, the Court finds and orders as follows:

1. All terms used in this order ("Final Order") shall have the same meaning as defined in the Parties' Settlement Agreement, a copy of which is attached hereto as Exhibit A.

2. This Court has jurisdiction over the subject matter of the Lawsuit and over all Parties, including all Class Members.

3. Pursuant to the Court's "Amended Order Granting Motion for Preliminary Approval of Class Action Settlement," dated August 21, 2007 ("Preliminary Approval Order"), the Court preliminarily certified the following class for settlement purposes (the "Class"):

> All persons employed in hourly or non-exempt positions by Eddie Bauer in the State of California during the Class Period, May 25, 2005 through the date of Preliminary Approval of this settlement, except those persons who opt-out pursuant to the opt-out procedures set forth in Section 8.3 of the Settlement Agreement.

The Class is now finally and conclusively certified for settlement purposes.

4. In accordance with the Preliminary Approval Order, Defendant provided a list of Class Members to the Claims Administrator, CPT Group, Inc., on August 27, 2007, and the CPT Group, Inc. mailed Notices to the 2,073 Class Members on that list. Prior to the mailing of the reminder postcards, however, Defendant discovered that the first list provided to the Claims Administrator was

1

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES AND CLASS REPRESENTATIVE ENHANCEMENT

incomplete and that 104 Class Members were inadvertently omitted from the first list.

5. When Class Counsel was informed of the additional Class Members, Class Counsel analyzed the full ramifications and worked with Defendant to avoid any deleterious effects to the Class. Over the next several weeks, the Parties discussed the issues and agreed to: (1) correct the Class Notice, (2) mail new Notices to the entire Class, not just the additional Class Members, with the corrected Notice, (3) restart the claim period for the entire Class, (4) pay for the second mailing with new funds in the amount of $3,515.01 from Defendant, and (5) not require Class Members who had responded to the earlier Class Notice to respond again to the corrected Class Notice. On October 23, 2007, the Court approved the Parties' Stipulation to mail the new Class Notice, in accordance with the above described agreements.

6. On October 31, 2007, a corrected Notice Packet was mailed to the Class. The Notice Packet adequately informed the Class of: (1) the pendency of the proposed class action Settlement; (2) all material terms of the proposed Settlement Agreement; (3) the March 3, 2008 hearing date for final approval of the Settlement Agreement; and (4) the opportunity to be excluded from the proposed Class or otherwise object to the proposed Settlement Agreement. Tara J. Shaw of CPT Group, Inc., the Claims Administrator, has filed a Declaration with the Court concerning the dissemination of the Notice Packet and the status of claims and objections. The Declaration of Tara J. Shaw demonstrates that this Court's orders have been complied with in regard to the Notice Packet and preliminary approval of the Settlement Agreement, and further, that the best notice practicable and possible under the circumstances was in fact given and constituted valid, due, and sufficient notice to members of the Class, complying fully with all applicable statutes and laws.

7. One individual, Kristal D. Scherer, represented by the Law Offices of Sheldon A. Ostroff and Huffman & Kostas, filed an objection to the Settlement Agreement on December 20, 2007. Ms. Scherer's principal objections included (1) the scope of the release, and (2) the amount and character of the compensation obtained for the released claims, and the disclosures thereof, including that the gift card component of the settlement was not appropriate, that neither the Court nor the Class Members were provided with any information as to the value of the claims released by the Settlement Agreement or the relationship between the benefits proposed to be paid to Class Members pursuant to the Settlement Agreement and their losses, that the disclosures were not accurate, and that the parties did not properly consider the effect of the Confirmation Order in negotiating the settlement. Further, on July 2, 2008, Ms. Scherer filed a second request for judicial notice attaching an order, issued on June 27, 2008, in the *Scherer* action, denying Defendant's motion to dismiss. Finally, on November 21, 2008, Ms. Scherer filed a Notice of Decision in *Kullar v. Foot Locker Retail, Inc.*, 2008, DJDAR 16745 and Copy Thereof. The objections are OVERRULED in their entirety.

8. On February 25, 2008, Defendant filed an Ex Parte Application to Continue Final Approval Hearing from March 3, 2008 to June 2, 2008, to allow time for notice of the Settlement Agreement to be given to government officials pursuant to 28 U.S.C. § 1715. On February 26, 2008, Plaintiff filed an Opposition to Defendant's Ex Parte Application on the grounds that, *inter alia*, the delay would prejudice the Class Members. Subsequently, on February 28, 2008, the parties entered into a stipulation to continue the Final Approval Hearing from March 3, 2008 to June 9, 2008, to ensure compliance with the timing requirements of section 1715. As part of that stipulation, the parties agreed that the Net Settlement Amount available to those Class Members who had submitted valid claims would be increased by $8,830, which was derived by increasing the Net Settlement Amount by an annual rate of 4.652%, prorated for the period of the 90-day continuance.

9.      The Court finds that the Settlement Agreement was the product of protracted, arms-length negotiations between experienced counsel, assisted by a respected mediator.  The Court finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class and hereby grants final approval to the Settlement Agreement.  In so doing, the Court has thoroughly considered such factors as: the strength of the Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; and the reaction of the Class Members to the proposed Settlement Agreement.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  Plaintiffs and Defendant are ordered to carry out the terms of the Settlement Agreement.

10.     Defendant shall pay the claims presented by the claim procedure described in the Settlement Agreement.  Defendant shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided in the Settlement Agreement.

11.     The Class is bound by the release and waiver listed in Paragraph 7of the Settlement Agreement and this Final Order, which Final Order shall have the force and effect of *res judicata* as to them.

12.     The Settlement Agreement is not an admission by Defendant nor is this Final Order a finding of the validity of any claims in the Lawsuit or any wrongdoing by Defendant.  In addition, the Settlement Agreement is not an admission nor is this Final Order a finding that the certification of the Class is proper for any purpose or proceeding other than for settlement purposes in the present case.  Furthermore, neither the Settlement Agreement, nor any document, statement, proceeding or conduct related to the settlement or the Settlement Agreement, nor any reports or accounting of those matters, will be (i) construed as, offered or admitted in evidence

as, received as, or deemed to be evidence for any purpose adverse to Defendant, including, but not limited to, evidence of a presumption, concession, indication or admission by Defendant of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, referred to or offered in evidence against Defendant, in any further proceeding in the Lawsuit, or any other civil, criminal or administrative action or proceeding except for purposes of effectuating the Settlement Agreement. However, the Settlement Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of the Settlement Agreement, or in defense of any claims released or barred by the Settlement Agreement.

13. Concurrently with the Motion for Final Approval of the Settlement Agreement, Plaintiff filed a Motion for Attorneys' Fees, Litigation Expenses and Class Representative Enhancement, requesting an award of attorneys' fees and costs and an enhancement payment to the Class Representative, Plaintiff Tara Hill. The Court hereby awards attorneys' fees and costs in the amount of $368,000 to Class Counsel, Initiative Legal Group LLP, and an enhancement payment in the amount of $15,000 to Plaintiff Tara Hill. The Court finds that Class Counsel have skillfully advanced novel and untested legal theories on a contingent-fee basis, and their efforts resulted in a substantial recovery for the Class. Finally, the Court finds that the proposed enhancement payment to Plaintiff Tara Hill is reasonable in light of the services she performed on behalf of the Class and the risks she undertook in bringing the Lawsuit.

14. The Court approves claims administration costs of $33,515.01 to CPT Group, Inc. for its services as Claims Administrator, with $30,000 to be paid from the settlement fund and $3,515.01 to be paid by Defendant outside of the settlement fund.

15. The claims alleged in the Complaint are hereby dismissed with prejudice, provided, however, and without affecting the finality of this Final Order

1  in any way, this Court retains continuing jurisdiction over the administration and
2  implementation of the terms of the Settlement Agreement.
3      IT IS SO ORDERED:
4
5  DATED: April 6, 2009         _____
                                   HON. GEORGE H. WU
6                                      U.S. DISTRICT JUDGE